**LIBERTY RESOURCES, INC. and Consumer Connection,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellant.**

No. 01–3702.

United States Court of Appeals, Third Circuit.

Argued Dec. 9, 2002.

Decided Dec. 23, 2002.

**770**

Bradley K. Moss (Argued), Schnader Harrison, Segal & Lewis LLP, Philadelphia, PA, for Appellant.

Stephen F. Gold (Argued), Philadelphia, PA, Thomas H. Earle, Robin Resnick, Disabilities Law Project, Philadelphia, PA, for Appellees.

Before BECKER, Chief Judge, ROTH and SMITH Circuit Judges.

## OPINION

BECKER, Chief Judge.

Defendant-appellant, Southeastern Pennsylvania Transportation Authority ("Septa"), appealed to this Court from the Order granting summary judgment in favor of plaintiffs Liberty Resources, Inc. and Consumer Connection (collectively "LRI") entered on January 8, 2001 and from the Order for Final Injunctive Relief entered on August 31, 2001. On June 3, 2002, after the notice of appeal was filed, the District Court entered an Order terminating the Order for Final Injunctive Relief, pursuant to the clause contained therein which stated that Septa may seek to have the injunction terminated after six consecutive months of compliance with the Order. Septa's appeal from the Order for Final Injunctive Relief is thus moot because it is no longer required to comply with the District Court's mandate. *See*

*Harris v. City of Philadelphia,* 47 F.3d 1311, 1326 (3d Cir.1995) ("As a general principle, once a party has complied with a court order or injunction, and has not been penalized or suffered any prejudice that could be remedied on appeal, the appeal is moot.").

We also conclude that the appeal from the January 8, 2001 Order granting summary judgment is moot. The doctrine of mootness requires a court to consider only those actions which "involve a live case or controversy [that] extends through all phases of litigation, including appellate review." *County of Morris v. Nationalist Movement,* 273 F.3d 527, 533 (3d Cir.2001). The injunctive order is inextricably tied to the summary judgment order out of which it grew, and such conflation with the injunction moots the earlier order as well. Indeed, counsel for plaintiffs conceded at oral argument that the District Court's opinion could not be used to preclude the litigation of issues in future litigation between the parties.

While a defendant's voluntary compliance will not render an action moot, in the case at bar, Septa's actions were not voluntary because it acted in response to the now terminated Order for Final Injunctive Relief. *See Bagby v. Beal,* 606 F.2d 411, 414 (3d Cir.1979) ("The Supreme Court ... on many occasions has held cases to be moot when the event causing mootness was compliance with a lower court injunction." citing *DeFunis v. Odegaard,* 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974)).

We follow the "settled practice of vacating the district court judgment" when the issue is moot on appeal. *Bagby,* 606 F.2d at 414. *See also United States v. Munsingwear,* 340 U.S. 36, 41, 71 S.Ct. 104, 95 L.Ed. 36 (1950) (holding that vacatur "is commonly used ... to prevent a judgment, unreviewable because of mootness, from

spawning any legal consequences"). However, we will preserve LRI's right to collect attorney's fees. In *Morris,* this Court held that "an award of attorney's fees with respect to the trial phases of a case is not precluded when a case becomes moot during the pendency of an appeal." 273 F.3d at 534.

In conclusion, Septa's appeal will be dismissed as moot, and the matter will be remanded to the District Court with directions to vacate the judgment entered on January 8, 2001.